# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**COREY JOHNSON**                                                                                        **PETITIONER**
*ADC #155181*

**V.**                        **CASE NO. 4:20-cv-01341-LPR-JTK**

**DEXTER PAYNE[1]**
*Director, ADC*                                                                                           **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such

---

[1] Since Petitioner is in ADC custody, the Clerk is directed to substitute "DEXTER PAYNE, *Director ADC*" as the Respondent.

1

    a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
>
> Eastern District of Arkansas
>
> 600 West Capitol Avenue, Suite A149
>
> Little Rock, AR 72201-3325

## I. Introduction

Before the Court is Corey Johnson's petition for Writ of Habeas Corpus. *Doc.* 1. Since Johnson seeks pretrial speedy trial relief that has not yet been addressed in state court, his federal habeas petition is premature, and this Court recommends that it be dismissed without prejudice.

## II. Background

On June 18, 2013, Johnson pled guilty to aggravated residential burglary, robbery, intimidating a witness, and furnishing prohibited articles. *See State v. Johnson*, 01DCR-12-72, Sentencing Order (Arkansas County Cir. Ct. Jun. 18, 2013); *State v. Johnson*, 01SCR-12-136, Sentencing Order (Arkansas County Cir. Ct. Jun. 18, 2013); *State v. Johnson*, 01SCR-12-119, Sentencing Order (Arkansas County Cir. Ct. Jun. 18, 2013).[2] He was sentenced cumulatively to

---

[2] The Court takes judicial notice of the docket entries and pleadings filed in Johnson's State cases. Since the State's electronic filing system does not number each docket entry, The Court will cite to the title of each filing and the date

fifteen years in ADC. *See id.* After being released on parole in 2017, he was subsequently charged for an aggravated robbery, theft, and battery that allegedly took place on June 29, 2019. *See State v. Johnson*, 01SCR-19-134, Criminal Information (Arkansas County Cir. Ct. Jul. 24, 2019) ("*Johnson I*"). Johnson states he received a six-month parole violation as a result of these charges, and he was committed to the East Arkansas Regional Unit on June 29, 2019. *See Doc.* 1 at 5.

While his jury trial date was originally set for April 23, 2020, the circuit court found good cause to continue that date to October 8, 2020 and toll speedy trial due to COVID-19. *See Johnson I*, Order of Continuance and Tolling of Speedy Trial, May 5, 2020. On June 15, 2020, Johnson filed a petition to either dismiss the fines and costs from his 2013 convictions or authorize him to perform public service work in lieu of the fines. *See Johnson I*, Petition for Dismissal of Fines, Jun. 15, 2020. The prosecuting attorney filed a response in opposition to Johnson's request. *See Johnson I*, Response to Defendant's Motion, Jun. 15, 2020. On October 22, 2020, the court again found good cause to continue Johnson's October 8, 2020 trial setting to August 19, 2021 and toll speedy trial due to COVID-19 concerns. See *Johnson I*, Order of Continuance, October 22, 2020.

On November 12, 2020, Johnson filed his present petition. Johnson's petition is labeled as a "Motion to Dismiss Information with Absolute Bar to Prosecution Pursuant to Rule 28.2(a) and Rule 28.2(b) ARCrP," but it was docketed in this Court as a petition for Writ of Habeas Corpus. *See Doc.* 1 at 1. In it, he alleges he is "entitled to have the charges dismissed with an absolute bar to prosecution" since more than twelve months have passed since he was charged in *Johnson I*. *Doc.* 1 at 2. He also alleges that due to this delay, he "has been denied due process of law, the right to a fair trial, and the right to a speedy trial guaranteed by the 5th, 6th, and 14th Amendments of the Constitution of the United States and the Constitution and Laws of Arkansas." *Id.* While he did

---

it was filed.

not fill out the proper form for a petition for Writ of Habeas Corpus, because Johnson challenges the length of his pretrial detention on pending charges, his Petition is construed as requesting relief pursuant to § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) ("Pretrial [habeas] petitions are properly brought under § 2241 regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him") (internal quotations and citation omitted).

Johnson states his parole has "been getting deferred due to the outcome of pending charges [but] my court-date keep[s] getting continued. I have not spoken to my public defender in a year[;] I don't know what's going on. The Court is not responding to my letters." *Doc.* 1 at 6. Finally, he states "I also filed a motion of dismissal and sent it to the Circuit Court on June 30, 2020 [and] I still haven't received a response that's the reason [I'm] sending one to you." *Id.* The docket in *Johnson I* reflects Johnson's motion seeking dismissal of fines related to his previous case, but it does not contain a motion seeking dismissal for speedy trial violations on June 30, 2020.

### III.  Rule 4 Dismissal for Failure to Exhaust

Under Rule 4 of the Rules Governing § 2254 Cases in United States District Courts ("Rules Governing § 2254 Cases"), courts "must promptly examine" a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

The requirement that petitioners exhaust state remedies before seeking federal habeas relief applies to § 2241 habeas petitions challenging a pending state criminal prosecution. *Sacco v.*

4

*Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981) (future prosecution under state indictment); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (pending state prosecution). Federal courts should decline jurisdiction over pretrial habeas petitions brought pursuant to § 2241 if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.").

In his petition, Johnson claims he filed a motion for dismissal similar to the one he filed here in state court and has not yet received a response. *See Doc.* 1 at 6. While it appears the state court never received this motion, he is free to file another one there alleging speedy trial violations. Johnson should get in touch with his public defender to discuss the speedy trial issues and any other possible investigations or resolutions in his pending case.[3] Then, his lawyer can decide to file appropriate motions regarding speedy trial violations in that proceeding and any subsequent state proceedings. Since that court may still resolve these issues pursuant to Rule 28.2, this Court will decline jurisdiction at this time. *See Dickerson v. Louisiana*, 816 F.2d at 225.

The court understands Johnson's frustration that the delay in his new case is causing him to remain in prison until these charges are resolved. However, he has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures, since the state courts simply have not had a chance to analyze his speedy trial claims yet. *See*

---

[3] Johnson devotes considerable attention in his petition to the circumstances of his arrest and the alleged recantations by the complaining witnesses. *See Doc.* 1 at 4-5. These details have no bearing on Johnson's habeas claims, and he should discuss them with his lawyer so that he can properly investigate them.

*Wingo v. Ciccone*, 507 F.2d at 357. Therefore, it plainly appears that petitioner is not entitled to federal habeas relief at this stage. This Court will recommend that the action be dismissed *without* prejudice, however, so that Johnson can return to the Arkansas state courts and attempt to address his speedy trial claims there before coming back to federal court.

### IV.     Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right, so no certificate should issue.

### V.     Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner Corey Johnson's § 2241 habeas petition, *Doc. 1*, be DENIED and this case be DISMISSED WITHOUT PREJUDICE.

2. A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO RECOMMENDED this 8th day of December, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE